**Opinion filed May 22, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00272-CR
_____

## JOE ANTHONY MADRID, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-21-1177-CR**

## M E M O R A N D U M   O P I N I O N

A jury found Appellant, Joe Anthony Madrid, guilty of two counts of aggravated robbery, first-degree felonies. *See* TEX. PENAL CODE ANN. § 29.03 (West 2019). Appellant pled "true" to the enhancement allegation, and the jury assessed his punishment on each count at imprisonment for twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. *See* PENAL

§ 12.42(c)(1). The trial court sentenced Appellant accordingly—the sentences to run concurrently. Because we agree with Appellant's court-appointed counsel that there are no arguable issues to present on appeal, we affirm. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008).

During the guilt-innocence phase of trial, the State presented the testimony of eleven witnesses, including the two robbery victims—employees of two separate convenience stores on the south side of Odessa. Around 11:55 p.m. on June 26, a green Ford Expedition was "parked at a gas pump" at the first convenience store, (the DK), and Appellant exited from the passenger side. A witness saw Appellant holding a handgun and wearing a mask as he walked into the store. Appellant "cocked [the] gun, . . . went up to the register[,] and pointed the gun at [the victim]." After he demanded money and cigarettes with the "gun in [the victim's] face," he fled with his co-actor in the Expedition. Law enforcement arrived soon thereafter to speak to the victim and witness, take photographs, and review surveillance footage.

From the DK, Appellant and his co-actor drove approximately two miles south to another convenience store, (the Kent Kwik). Appellant entered the store, pointed the handgun at the second victim, and ordered her to give him the money from the register and a pack of cigarillos. The second victim, like the first, testified that Appellant's actions placed her in fear for her life. Upon determining that the two robberies were related, police began searching for the Expedition, and ultimately conducted a traffic stop of the suspect vehicle approximately four and one-half miles north of the Kent Kwik. Appellant matched the description of the perpetrator provided by witnesses, and inside the Expedition police found a handgun, gloves, a mask, cigarettes, cigarillos, and cash in the amount that was stolen from the

convenience stores. The State also introduced photographs, dashcam and bodycam footage, and surveillance footage from both stores.

At the close of evidence, the jury found Appellant guilty of both counts of aggravated robbery, then proceeded with the punishment phase of trial. The State presented evidence of Appellant's criminal history, and that he was a West Texas gang member. Moreover, while Appellant was confined in the Ector County Jail awaiting trial for the instant offenses, he assaulted another inmate and threatened and pushed a jailer.

Appellant presented the testimony of his brother and grandmother, then testified on his own behalf. Although Appellant expressed some remorse, he claimed that it was his co-actor's idea to commit the aggravated robberies, and he "just wanted to . . . fit in." In accordance with the jury's punishment verdict, the trial court sentenced Appellant to imprisonment for twenty-five years for each conviction, to be served concurrently. *See* PENAL § 3.03 (West Supp. 2024), § 12.42.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law, and concludes that there are no arguable issues to present on appeal. *See Anders*, 386 U.S. 738; *Schulman*, 252 S.W.3d at 406–09. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise conclude that no arguable grounds for appeal exist.[1] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgments of the trial court.

W. BRUCE WILLIAMS

JUSTICE

May 22, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.